PRENTISS MERCANTILE Co. *et al. v.* THURMAN *et al.*

(Division A. June 10, 1935.)

[161 So. 746. No. 31783.]

Livingston & Milloy, of Prentiss, for appellants.

8

**C. E. Thompson** and **O. C. Luper,** both of Prentiss, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellant by an original bill alleges that the appellees executed to it a deed of trust to secure a debt due it by them. The deed of trust, after describing certain property conveyed thereby, proceeds: "Also, any increase of all property, real or personal, that may be hereafter acquired by the parties of the first part (the appellees) by purchase or otherwise, the legal title of which under said trustee, his successors and assigns we warrant and agree forever to defend." The bill, filed about three years after the execution of the deed of trust alleges that there is a balance of four hundred sixty-eight dollars and sixty-eight cents due on the indebtedness, secured by the deed of trust; that the appellees have acquired and have in their possession six bales of cotton; that they are insolvent and have no other property out of which the appellant can collect the debt due it; and that they are about to dispose of the cotton.

The prayer of the bill is for a decree for the amount of the debt due the appellant, the subjection of the cotton to the lien of the deed of trust, and that the cotton be im-

pounded (we presume by a writ of sequestration) for subjection to the payment of any amount found to be due the appellant.

A demurrer to this bill was sustained.

The appellant says that its bill presents (1) a case for the enforcement of a lien, and, if not, then (2) a case for equitable relief independent of the claimed lien. We are not here concerned with the validity vel non of this deed of trust in an action at law, for the suit is in equity, and it is settled that an ''after-acquired'' property clause in a mortgage or deed of trust is valid and enforceable in equity, and that the description of such property here is sufficient. Bacot v. Varnado, 91 Miss. 825, 47 So. 113; Central Trust Co. v. Kneeland, 138 U. S. 414, 11 S. Ct. 357, 34 L. Ed. 1014; 1 Jones on Mortgages (8 Ed.), secs. 208 and 209.

If the court below, as intimated in the appellant's brief, sustained the demurrer on the theory that such mortgages are limited by section 2130, Code 1930, to property acquired within a stated period not to exceed twelve months, an erroneous construction was thereby put on the statute. That statute does not grant the right to execute mortgages on after-acquired property, but provides only (1) when such mortgages shall be valid as to creditors, and (2) that the mortgagors may pay the secured debts before the maturity thereof.

The first of the appellant's claimed grounds for relief being valid, the demurrer should have been overruled, and we have no occasion to decide the second.

Reversed and remanded.